# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1918V
### UNPUBLISHED

|  |  |
|---|---|
| JENNIFER WARD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 14, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Milton Clay Ragsdale, IV, Ragsdale LLC, Birmingham, AL, for petitioner.*

*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On December 14, 2018, Jennifer Ward filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus-diphtheria acellular pertussis ("Tdap") vaccine administered on February 15, 2017. Petition at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 3, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On May 14, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $126,449.14. Proffer at 1. In the Proffer, Respondent represented that Petition3.0er agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $126,449.14 (representing compensation in the amount of $122,500.00 for past and future pain and suffering, $3,667.14 for documented past unreimbursable expenses, and $282.00 for documented past lost wages) in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

JENNIFER WARD,

               Petitioner,

     v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 18-1918V
Chief Special Master Corcoran
ECF-SPU

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 14, 2018, Jennifer Ward ("petitioner") filed a petition for vaccine injury compensation alleging that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a Table Injury, due to a tetanus-diphtheria acellular-pertussis ("Tdap") vaccine administered on February 15, 2017. Respondent filed his Rule 4(c) Report conceding entitlement to compensation on January 2, 2020. The Court issued a Ruling on Entitlement on January 3, 2020.

### I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a total of $126,449.14, consisting of $122,500.00 for her past and future pain and suffering, $3,667.14 for documented past unreimbursable expenses, and $282.00 for documented past lost wages. This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future damages.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $126,449.14 in the form of a check payable to petitioner.[2] Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:   (202) 616-4099

DATED: May 14, 2020

---

[2]  Petitioner is a competent adult.   Proof of guardianship is not required in this case.